**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES D. LEWIS,

      Plaintiff - Appellant,

v.

PROGRESSIVE PIPELINE
CONSTRUCTION, LLC,

      Defendant - Appellee,

and

ONSHORE QUALITY CONTROL
SPECIALIST, LLC; JUAN SANCHEZ,

      Defendants.

No. 16-7007
(D.C. No. 6:14-CV-00362-RAW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

James D. Lewis—a bend inspector on a pipeline construction project—brought

this pro se action against his employer, Onshore Quality Control Specialist, LLC;

another contractor on the construction project, Progressive Pipeline Construction,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

LLC; and a Progressive employee he identified as Juan Sanchez, a.k.a. "Abel."[1] In his amended complaint, Lewis alleged that Abel snuck up behind him and "hit/stuck [Lewis] in the back of the right shoulder with what felt like a closed hand, . . . held it in place, . . . and said 'how are you doing old buddy.'" R. vol. 1, 120-21. Although he didn't feel it at the time, Lewis asserts he later determined that, during this encounter, Abel actually stuck Lewis with a needle and injected him with an unknown substance, causing deleterious health issues for over a year.

Lewis explained that Abel may have done so in an effort to help Progressive, Onshore, or both remove Lewis "from the industry for a period of time and or indefinitely." *Id.* at 105. And he alleged Progressive was negligent by placing Abel on the pipeline construction project to accomplish or to "assist in accomplish[ing] the task of injecting [Lewis] with a substance capable of disablement for an unknown period of time." *Id.* at 102 (emphasis omitted).[2] Lewis sought $6.5 million in compensatory, statutory, and punitive damages.

Progressive moved for summary judgment. In ruling on the motion, the district court first suggested that many of Lewis' claims couldn't survive a motion to dismiss, but nonetheless noted that "at the core of each and every claim is [Lewis'] allegation that Abel stuck him with a needle containing a substance that caused him

---

[1] Lewis later notified the district court that Abel's full name is Abel Vellereal, not Juan Sanchez as originally indicated. Like the district court and parties, we refer to him simply as Abel.

[2] Lewis also alleged numerous other "violations," including conspiracy, civil assault, civil battery, medical fraud, medical malpractice, practicing medicine without a license, trickery, fraud of the fraud, defamation of character, libel, Fourth Amendment civil rights violations, age discrimination, racketeering, and RICO. R. vol. 1, 106, 148-51.

harm." R. vol. 2, 78. Thus, the court reasoned, "if [Lewis] has failed to create a genuine issue of material fact with regard to that allegation, [each of] his claims fail[s]." *Id*.

The district court then explained that the only evidence Lewis offered in support of his allegation was that (1) Abel hit Lewis on the right shoulder and held his hand there; (2) about 30 to 45 seconds after this encounter, Lewis felt like he was going to pass out and thus went to his truck for a couple of hours but felt normal by the end of the day; (3) Lewis felt a puncture wound on his back the following day; and (4) Lewis began having headaches within a couple of days of the incident, causing him to believe Abel stuck him with a needle and injected him with a substance.[3] The district court stated, "Incredibly, [Lewis] has not produced any medical records to support his allegations" and remarked that Lewis' "acknowledgment of the lack of evidence is overwhelming." *Id.* at 79. Notably, although Lewis "*believe*[*d*] Abel injected him with something," Lewis (1) didn't see Abel inject him with anything, (2) didn't see Abel carrying a needle or see one on the ground after the incident, and (3) couldn't identify the chemical Abel allegedly injected him with. *Id*. Explaining that "[b]eliefs, guesses, speculation and conclusory

---

[3] Lewis also produced a photograph taken the day before the incident that allegedly showed Abel sticking another employee in the back with a needle. Progressive reproduced the photograph as an exhibit to its summary judgment motion, but Lewis insisted that copy was altered by the defense. He also asserted that the copy he filed with the court was altered by someone after filing. The district court noted that it examined and relied on the copy filed by Lewis—not the one attached by Progressive to its summary judgment motion—and that there was no evidence that this copy had been altered. And after examining the photograph, the district court opined that it didn't show a needle, and thus declined to give the photograph any evidentiary weight.

3

allegations are not enough to survive a motion for summary judgment," the district court concluded that, "[v]iewing the evidence in the light most favorable to [Lewis], a reasonable person could not find that a Progressive employee stuck him with a needle and injected him with a substance." *Id.* The district court thus granted Progressive's motion for summary judgment.

Again acting pro se, Lewis appealed the district court's grant of summary judgment to Progressive.[4] But we held his appeal in abeyance until the district court confirmed that the other two defendants, Onshore and Abel, had been dismissed from the action with prejudice.[5] Once it did so, we lifted the abatement.

### ANALYSIS

We review the district court's grant of summary judgment de novo. *Adair v. City of Muskogee*, 823 F.3d 1297, 1304 (10th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists when the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party." *Adair*, 823 F.3d at 1304 (citation and internal quotation marks omitted). When opposing a motion for summary judgment,

---

[4] Although we liberally construe Lewis' pro se filings, we won't act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[5] In his amended complaint, Lewis also alleged that Onshore worked in conjunction with Progressive to provide an opportunity for Abel to stick him. But because the district court ultimately dismissed both Onshore and Abel with prejudice, and Lewis doesn't challenge their dismissal in this appeal, we focus solely on the allegations against Progressive.

the non-moving party "may not rely on mere allegations, or denials, contained in its pleadings or briefs," but instead "must set forth specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegations." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002) (citation omitted).

Lewis filed two briefs,[6] identifying eleven issues for our review and asserting a laundry list of grievances against the district court, opposing counsel, Progressive, and a treating nurse. But the *only* legal authority Lewis cites is N.Y. Judiciary Law § 487, the ABA Model Rule of Professional Conduct 8.4(c), and the Colorado Rule of Professional Conduct 8.4(c).[7]

We fail to see how a New York statute or the ABA or Colorado rules governing the conduct of attorneys apply to this appeal. And because Lewis cites no other authority to support his appellate arguments, he has waived those arguments. *See* Fed. R. App. P. 28(a)(8)(A) (noting that appellant's brief must contain "appellant's contentions and the reasons for them, *with citations to the authorities and parts of the record on which the appellant relies*" (emphasis added)); *Adler v.*

---

[6] After Lewis filed his opening brief, he moved for leave to supplement his opening brief. That motion was granted, and Lewis also filed a reply brief. On August 29, 2016, Lewis filed (1) a motion for leave to file a first motion to supplement the reply brief and (2) a first motion to supplement the reply brief. Because we find further briefing unnecessary to resolve this appeal, we deny Lewis' August 29 motions.

[7] Section 487 states that an attorney who is "guilty of any deceit or collusion . . . [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action." Both versions of Rule 8.4(c) state that "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

*Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived, and bald assertions in briefs that there are genuine issues of material fact are insufficient to merit reversal of summary judgment." (citations omitted)).[8]

In short, Lewis fails to cite any controlling authority entitling him to relief. In any event, our de novo review confirms that Lewis failed to respond to Progressive's motion for summary judgment with any specific facts to create a genuine dispute as to whether Abel stuck him with a needle or injected him with any foreign substance. Accordingly, we affirm the district court's order granting summary judgment in Progressive's favor.[9]

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[8] In his supplemental brief, Lewis disagrees with various statements and characterizations made in Progressive's motion for summary judgment. But even if we liberally construe his supplemental brief as generally challenging the district court's conclusion that Lewis failed to present sufficient evidence to create a genuine issue of material fact, his brief contains only "unsupported conclusory allegations [that] do not create a genuine issue of fact." *See James*, 724 F.3d at 1315 (citation omitted). Thus, he still fails to show he is entitled to reversal of summary judgment.

[9] Lewis filed a "Motion for to File Electron [sic] Information," requesting that we allow him to file a DVD and jump drive, along with an original electronic copy of Doc. 132, which he claims shows that document was manipulated. Because we deny Lewis relief on all of his asserted claims—including that Doc. 132 was amended after filing—we deny Lewis' motion as moot. Specifically, even if the electronic information shows what Lewis asserts, he has failed to cite any controlling authority entitling him to relief.